IDA L. URE, Appellant, v. R. HERBERT DEYO and Others, Respondents.

Third Department, November 13, 1918.

Sale — conditional sale — action under section 65 of Personal Property Law to recover payments made by vendee after sale of property without notice required by section 66 — defense — change of contract by giving new notes to corporation which had assumed obligations of vendors.

Where in an action under section 65 of the Personal Property Law to recover payments, it appears that the defendants, as copartners, sold to the plaintiff's husband personal property under a conditional contract of sale, providing that the title was to remain in them until the purchase price was paid; that vendors might retake the property only "upon default in payments of said sum or any installment thereof;" that certain payments were to be secured by notes maturing at different times, but no provision was made for renewal of said notes, and none of them were paid to the defendants; that a corporation was subsequently formed which took over the former partnership assets and assumed its obligations; that when the notes became due the plaintiff's husband gave new ones, not to the defendants, but to the corporation, and also paid part of the indebtedness to it, and that after much delay, the corporation took possession of the property and sold it for a reasonable price, but without giving the notice required by section 66 of the Personal Property Law, the complaint was properly dismissed because the plaintiff's husband by giving the new notes to the corporation changed the contract and affected the rights of his vendors, the defendants, precluding a recovery under the statute.

The recovery which a vendee may have under section 65 of the Personal Property Law is the amount which he has paid on the property "under the contract for the conditional sale thereof," made with his vendors, and not under a modified contract.

APPEAL by the plaintiff, Ida L. Ure, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 3d day of January, 1918, dismissing the complaint upon the decision of the court after a trial before the court, a jury having been waived.

*Butler, Kilmer & Corbin* [*W. P. Butler* and *C. L. Hoey* of counsel], for the appellant.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* of counsel], for the respondents.

COCHRANE, J.:

The defendants as copartners sold to the plaintiff's husband a gas engine with equipment under a conditional contract of sale that the title was to remain in them until the purchase price was paid. The contract provided that certain payments were to be secured by notes six in number maturing at different specified times but it did not provide for renewals of those notes. None of the notes were paid to the defendants. A corporation under the name of Deyo-Macey Engine Company was subsequently formed which took over the former partnership assets and assumed its obligations. Ure seems to have had much difficulty in meeting his payments and when the notes became due he gave new ones from time to time in each instance not to the defendants but to the corporation so that he knew that the corporation had succeeded the partnership. He did pay part of the indebtedness to the corporation. After much delay the latter took possession of the property and sold it for a reasonable price but without giving the notice required by section 66 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45). Ure thereupon assigned his alleged cause of action to the plaintiff who brings this action against the original vendors to recover under the statute the amount paid by Ure on the contract.

The right to recover depends on section 65 of the Personal Property Law. Had Ure left the contract just as it was when it was assigned by the defendants to the corporation the question would be quite different. By giving new notes to the corporation he changed the contract and of course affected the rights of his vendors, these defendants. The contract did not give the vendors the right to retake the property at any time they deemed themselves unsafe, which is a very common provision in chattel mortgages, but it only allows that right " upon default in the payment of said sum or of any installment thereof," and it does not provide for extensions of times of payment by giving new notes or otherwise. Consequently when Ure gave new notes from time to time to the corporation he was putting off the time of default in payment and was keeping himself safe from the seizure of the property beyond the contemplation of his original

contract.  Section 65 provides that when the property is retaken it shall be retained for a period of thirty days and during such period the vendee " may comply with the terms of such contract " and again that the recovery which the vendee may have under that section is the amount which he has paid on the property " under the contract for the conditional sale thereof."  That means of course the contract made by the vendee with his vendors and not a new or modified contract as in this case.  Ure had placed it out of his power to " comply with the terms of such contract."  And on the other hand the corporation by taking the new notes had placed it out of its power for the time being to retake the property.  So that the whole situation was different from what it was when it left the hands of the defendants.  Neither was it a situation which was contemplated by the original contract.  The complaint, therefore, was properly dismissed.

The judgment should be affirmed, with costs.

All concurred, JOHN M. KELLOGG, P. J., in result; H. T. KELLOGG, J., not sitting.

Judgment unanimously affirmed, with costs.